# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN HOMATAS, ) ) ) | |
| Petitioner, ) ) | No. 13-cv-05923 |
| v. ) ) | Judge Andrea R. Wood |
| NEDRA CHANDLER, ) ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner John Homatas, who is currently imprisoned at the Dixon Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 7.) Before the Court is a motion by Dixon's Warden, Respondent Nedra Chandler, to dismiss the Petition as time-barred. (Dkt. No. 12.) For the reasons stated below, Respondent's motion to dismiss is granted. The Court declines to issue a certificate of appealability.

## BACKGROUND

On October 26, 2007, Homatas was convicted of four counts of aggravated driving under the influence ("DUI") for causing the deaths of April Simmons and John Chiariello, three counts of reckless homicide for the deaths of those two victims as well as Simmons's unborn child, and two misdemeanor DUI counts. He was sentenced to 12 years for the aggravated DUI counts, four years for the reckless homicide counts, and six months for the misdemeanor DUI counts, all to run concurrently.

Homatas appealed his convictions to the Illinois Appellate Court, arguing that the Circuit Court of Kane County erred in denying his motion to suppress certain statements and that he was denied his constitutional right to effective assistance of counsel. The appellate court affirmed the

trial court's judgment on January 13, 2009. *People of the State of Illinois v. Homatas*, No. 06-CF-75, Dkt. No. 1, Ex. 3 at 4-5. Homatas did not file a petition for leave to appeal to the Illinois Supreme Court and argues in his present habeas petition that this was a failure on the part of his counsel at the time.

Homatas did, however, file a petition in the trial court for relief from judgment on October 25, 2011, over two years after the appellate court's decision. At that time, Homatas argued for the first time that his convictions violated the Proportionate Penalties Clause of the Illinois state constitution, Ill. Const., art. 1 § 11, and the "one-act, one-crime rule" under Illinois state law, *see People v. Schlenger,* 147 N.E.2d 316, 318–19 (1958) (holding that more than one offense may not be carved from the same physical act), and furthermore the court had abused its discretion at the sentencing hearing. The petition was denied on December 14, 2011 without an evidentiary hearing. In denying the petition, the court found as follows:

> The Petitioner has filed a petition for relief of judgment under 735 ILCS 5/1-1401 and the Court is considering only the petition filed. The Court specifically declines to re-characterize the filing as a petition for post conviction relief under 725 ILCS 5/122-1.

*People of the State of Illinois v. Homatas*, No. 06-CF-75, Dkt. No. 1, Ex. 3 at 4-5. The court further noted that, "[Homatas] did not exercise due diligence in the filing of this 2-1401 petition in that he failed to file the petition within two years of the date of final judgment." *Id.* at 6.

Homatas appealed the denial of his petition for relief from judgment to the Illinois Appellate Court, re-iterating his proportionate penalties and sentencing arguments and also arguing for the first time that his term of mandatory supervised release ("MSR") had been imposed by the Illinois Department of Corrections ("IDOC") after he was incarcerated, and not by the trial court, rendering the MSR term void. Pet'r's Appeal, Dkt. No. 1, Ex. 4 at 1. On February 4, 2013, the appellate court issued a written opinion holding that the trial court had properly

2

dismissed the petition. *People of the State of Illinois v. Homatas*, No. 06-CF-75, Dkt. No. 1, Ex. 5 at 1. Homatas filed a petition for rehearing with the appellate court on February 21, 2013; the petition was denied on March 5, 2013. *People of the State of Illinois v. Homatas*, No. 2-11-1321, Dkt. No. 1, Ex. 7 at 1.

Homatas then filed a prayer for leave to appeal to the Illinois Supreme Court, raising the same arguments regarding the imposition of his MSR term, sentencing errors, and violation of the Proportionate Penalties Clause. *People of the State of Illinois v. Homatas*, No. 2-11-1321, Dkt. No. 1, Ex. 8 at 2. The Illinois Supreme Court denied his request on May 29, 2013. *People of the State of Illinois v. Homatas*, No. 115883, Dkt. No. 1, Ex. 9 at 1. On July 2, 2013, Homatas sought leave to file a motion for reconsideration of the denial of his petition for leave to appeal. He argued that his case should be consolidated with another, similar case raising issues regarding the imposition of MSR terms by the IDOC. *People of the State of Illinois v. Homatas*, No. 115883, Dkt. No. 1, Ex. 10 at 1-2. The Illinois Supreme Court denied that motion on July 18, 2013 in a one-sentence order. *People of the State of Illinois v. Homatas*, No. 115883, Dkt. No. 1, Ex. 11 at 1.

Homatas subsequently filed the instant petition for a writ of habeas corpus with this Court on August 19, 2013. Here, he raises arguments regarding the purportedly improper imposition of the MSR term by the IDOC based on the Due Process Clause of the United States Constitution and separation of powers (Counts I and II), violations of the Proportionate Penalties Clause of the Illinois state constitution as read into the Eighth and Fourteenth Amendments to the United States Constitution (Count III),[1] and denial of effective assistance of counsel (Count IV).

---

[1] This argument is more accurately characterized as a claim that the sentences Homatas received were disproportionate to the crime and excessive under the Eighth Amendment to the United States Constitution. The "Proportionate Penalties Clause" language comes from the Illinois state constitution, which provides that "[a]ll penalties shall be determined both according to the seriousness of the offense

# DISCUSSION

Habeas corpus relief cannot be granted unless the state court's adjudication of a claim resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Under 28 U.S.C. § 2244, the statute of limitations for the filing of a petition for a writ of habeas corpus is one year. Specifically, under § 2244(d)(1), a person convicted in state court must file his or her federal habeas petition within one year of the latest of the following:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Seventh Circuit has held that the one-year clock "starts at the time a reasonable person would have discovered" the factual predicate of the claim. *Villanueva v. Anglin*, 719 F.3d 769, 774 (7th Cir. 2013).

Homatas's habeas petition raises four grounds on which he believes he is being held unlawfully. Counts I and II allege due process and separation of powers violations due to the trial court's failure to admonish him regarding MSR and the imposition of an MSR period by the IDOC after he had been sentenced by the trial court. Count III alleges violations of the Proportionate Penalties Clause, arguing that the elements of each of his charged offenses

---

and with the objective of restoring the offender to useful citizenship." Ill. Const., Art. 1 § 11. For present purposes, the misnomer makes no difference.

(aggravated DUI, reckless homicide, and reckless homicide of an unborn child) are "identical" but have different penalty ranges. And Count IV alleges denial of effective assistance of counsel. In his response to Respondent's motion to dismiss, Homatas concedes that Count IV is time-barred and should therefore be voluntarily dismissed. (Pet'r's Resp. at 2, Dkt. No. 17.) The Court therefore grants the motion to dismiss Count IV and proceeds to consider the remaining counts of the Petition.

I.  **Counts I and II**

Respondent argues that Homatas has failed to timely file his habeas petition and that his purported later-acquired knowledge of the MSR term is not "newly discovered factual information" that would toll the one-year timeframe in which his habeas petition had to be filed.

    A.  **Timeliness of Habeas Petition**

Since none of the other sub-sections of § 2244(d)(1) applies here, Homatas was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As noted above, the Illinois Appellate Court affirmed the trial court's judgment on January 13, 2009. Homatas then had 35 days from that ruling to file his appeal, which he did not do. The time for Homatas to appeal expired February 17, 2009. *See* Ill. Sup. Ct. R. 315(b)(1); *Griffith v. Rednour*, 614 F.3d 328, 329 (7th Cir. 2010). Homatas thus was required to file his habeas petition by February 17, 2010. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) ("[T]he judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires."). Yet he did not file it until August 2013.

Homatas's attempted pursuit of collateral relief in state court did not toll the time for him to file the Petition. For a request for state collateral relief to toll the limitations period, it must be timely-filed. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (emphasis added). But Homatas did not file his petition until October 25, 2011, two years and nine months after the final judgment in his case. That is too late for two reasons. First, for state collateral relief to toll the limitations period, it must be sought before the federal limitations period has expired. *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant."). Second, the trial court explicitly found that Homatas's request for state collateral was untimely manner as he did not file his petition within two years of the date of the final judgment. The state collateral proceedings thus were not properly filed and therefore did not toll the statute of limitations.

## B. Knowledge of the MSR Term as "Newly Discovered Factual Information"

Homatas contends in the Petition that he first became aware of his MSR term in 2012. He makes this assertion for the purpose of arguing that his claim is based on "newly discovered factual information" within the meaning of 28 U.S.C. § 2244(d)(1)(D), which would toll the statute of limitations during the period prior to the discovery of the new information.

But even if his MSR term were properly considered newly discovered factual information, Homatas still would not have timely filed the Petition within one year of discovering that information. In his response to the motion to dismiss, Homatas claims that he became aware of his MSR term in 2012. Earlier in the response, however, he claims that he "filed his state collateral relief, after newly-discovered evidences and new law became available in [*sic*] October 25,

2011." (Dkt. No. 17 at 2.) Additionally, in his petition for rehearing filed with the Illinois Appellate Court on February 21, 2013, he states that he discovered his MSR term on October 17, 2011. (Dkt. No. 7 at 113.) If Homatas found out about his MSR term on October 17, 2011, and the Court were inclined to treat it as newly discovered factual information, he would still have been required to file the Petition by October 17, 2012, absent some kind of tolling. Homatas, however, did not file the Petition until August 2013.

Moreover, there is no basis to toll the running of the statute in this case. As noted previously, Homatas's petitions at the state level were rejected as untimely. An appeal of an untimely petition for state collateral relief does not toll the statute of limitations. In addition, Homatas has not met his burden of demonstrating that equitable tolling should apply. *See Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013) ("The petitioner seeking equitable tolling bears the burden of establishing that it is warranted."). Equitable tolling only applies in rare circumstances, where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) ("Equitable tolling is rarely granted. Indeed, we have yet to identify a petitioner whose circumstances warrant it.") (citations omitted). Neither requirement has been demonstrated by Homatas.

More importantly, learning of the MSR term after sentencing does not constitute new factual information sufficient to serve as a predicate for a claim for habeas relief. As explained by the court in *West v. Chandler*, No. 11-cv-5952, 2013 WL 657664 (N.D. Ill. Feb. 22, 2013):

> In Illinois criminal cases, final judgment exists at "the imposition of sentence". . . . The sentencing order's silence regarding the MSR term was not an error in any event. The then-current version of the Illinois statute imposing MSR indeed contemplated the omission of the term from sentencing orders . . . . Thus, by operation of statute—as

> Petitioner recognizes—Petitioner's sentence for the '33 conviction included the MSR term notwithstanding its silence on the issue. The date on which prison officials made clear to Petitioner that they intended to include the MSR period in their sentencing calculations, whatever it may be, is irrelevant to the finality of the '33 conviction. It also is not a new factual development for purposes of § 2244(d)(1)(D); the MSR statute was on the books at the time of Petitioner's sentencing.

*Id.* at *3. *See also Poole v. Gaetz*, No. 12-C-3688, 2013 WL 1679389, at *2 (N.D. Ill. Apr. 16, 2013) ("In any event, even if [the petitioner] had, in fact, learned in 2012 that MSR was an addition to his 10-year sentence, it would not help him. In Illinois, a judgment in a criminal case becomes final at the imposition of sentence.") (internal quotation marks omitted). This Court finds the reasoning in *West* persuasive.

Even if Homatas's claims were not time-barred, it is doubtful he would be able to convince this Court that the imposition of his MSR term by the IDOC "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). *See Lockhart v. Chandler*, 446 F.3d 721, 724 (7th Cir. 2006) ("There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole."); *see also Poole*, 2013 WL 1679389, at *4 ("Habeas claims based on the failure to advise a defendant about MSR at the time of sentencing are based on state law and thus do not state a claim based on the denial of a clearly established federal constitutional right."); *U.S. ex rel Del Valle v. Martin*, No. 01-C-2036, 2012 WL 472913, at *4 (N.D. Ill. Feb. 9, 2012) ("The United States Supreme Court has never held that a defendant has a due-process right to be advised of MSR when he enters into a plea agreement.").

Homatas cites *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 463-66 (1936), for the proposition that an additional term of confinement is void if not explicitly included in the original

8

sentence, and *Carroll v. Hathaway*, No. 10-cv-03862, 2012 WL 171322, at *10 (N.D. Ill. Jan. 19, 2012), which struck an MSR term imposed by the IDOC as violating the petitioner's due process rights as established by *Wampler*. However, Homatas fails to mention that the *Carroll* court subsequently granted the respondent's motion for reconsideration of the earlier ruling and determined that "because the state court's decision upholding the MSR term was not contrary to the clear holding of a Supreme Court case, and Petitioner's circumstances are not so close as to be 'materially indistinguishable' from those in *Wampler*, this Court cannot conclude that the state court's decision was contrary to clearly established Federal law as determined by the Supreme Court." *Carroll v. Hathaway*, No. 10-C-3862, 2012 WL 6758319, at *2 (N.D. Ill. Sep. 5, 2012). Therefore, the *Carroll* court's final word on the matter was to deny the petitioner's request to strike the MSR term from his sentence. *Id.* In so doing, the court explicitly noted that the term imposed in *Wampler* was discretionary, whereas in the case before it, the supervised release term was mandatory. *Id.*

Like the petitioner in *Carroll*, Homatas's term of supervised release was mandatory. Nonetheless, it is unnecessary to determine whether Homatas's claim regarding the imposition of his MSR term could form the basis for a writ of habeas corpus because, as discussed above, the matter was not timely raised.

**II.  Count III**

Count III purports to raise arguments regarding violations of the Proportionate Penalties Clause, claiming that Homatas was charged and convicted of multiple crimes with similar elements but different sentences. With respect to this claim, however, Homatas makes no argument regarding discovery of new evidence or a change in the law. Consequently, just as the other counts are time-barred, Count III is time-barred as well.

9

**III.    Request for Evidentiary Hearing**

In his response to the motion to dismiss, Homatas also requests an evidentiary hearing. An evidentiary hearing is not required for a habeas petition, however, when the information provided by the petitioner is sufficient for the Court to make a decision. Homatas is not entitled to an evidentiary hearing because "the files and the records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Holmes v. Buss*, 506 F.3d 576, 580 (7th Cir. 2007) ("[O]nly in rare cases is the district court required to conduct its own evidentiary hearing."). There is no doubt, based on the information provided by Homatas himself, that the Petition is time-barred. The request for an evidentiary hearing is therefore denied.

**IV.    Certificate of Appealability**

Finally, the Court must decide whether to issue a certificate of appealability. Such a certificate may be issued if Homatas makes a "substantial showing of the denial of [a] constitutional right." 28 U.S.C. § 2253(c). A substantial showing has been made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (internal quotation marks and citation omitted). In this case, Homatas's Petition is time-barred and, as such, there is no basis for issuing a certificate of appealability. *See West*, 2013 WL 657664, at *6; *Poole*, 2013 WL 1679389, at *5; *Martin*, 2012 WL 472913, at *5.

## CONCLUSION

For the reasons stated above, Respondent's motion to dismiss the Petition is granted and the Court declines to issue a certificate of appealability.

ENTERED:

Dated: January 21, 2016

_____
Andrea R. Wood
United States District Judge